Jose MORALES, Petitioner–Appellant,

v.

Wayne STRACK, Respondent–Appellee.

No. 03–2502–PR.

United States Court of Appeals, Second Circuit.

Nov. 1, 2004.

Irma B. Ascher., New York, New York, for Appellant.

Thomas M. Ross, Assistant District Attorney Kings County, Brooklyn, New York (Charles J. Hynes, District Attorney Kings County, and Leonard Joblove, Assistant District Attorney Kings County, on the brief), for Appellee.

PRESENT: JACOBS, SOTOMAYOR, and HALL, Circuit Judges.

### SUMMARY ORDER

Jose Morales appeals from a judgment entered on July 28, 2003 in the United States District Court for the Eastern District of New York (Weinstein, *J.*) denying his petition for a writ of habeas corpus. We assume that the parties are familiar with the facts, the procedural context, and the issues on appeal. This Court "review[s] a district court's denial of a habeas petition *de novo.*" *Aparicio v. Artuz,* 269 F.3d 78, 89 (2d Cir.2001).

Morales argues that the state trial court denied him the right to present a meaningful defense by (1) refusing to order the State to reveal the identity of its confidential informant ("CI"); (2) limiting Morales's cross-examination of the State's witnesses concerning the CI's identity; and (3) preventing Morales from discussing the significance of the CI's absence from trial during his summation.

Specifically, Morales claims that the state trial court's actions ran afoul of the Supreme Court's decisions in *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) (limiting scope of informant's privilege) and *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) (holding unconstitutional trial court's rigid application of evidence rules to exclude evidence of third-party culpability).

■ However, Morales has failed to show that information that the CI could have provided, or information related to either the CI's identity or the CI's absence from trial, would have been "relevant" or "material" to his defense. *See DiBlasio v. Keane,* 932 F.2d 1038, 1041–42 (2d Cir. 1991) (requiring, under *Roviaro,* disclosure of informant's identity where it is "material to the defense" (quotation omitted)); *Wade v. Mantello,* 333 F.3d 51, 60–62 (2d Cir.2003) (holding no *Chambers* violation where evidence was properly excluded on relevancy grounds). Although the police relied on information provided by the CI in securing a search warrant, the State did not rely on any such information at trial. There is also no indication that the CI was present on the date of the offenses in question. *Compare Roviaro,* 353 U.S. at 63–64, 77 S.Ct. 623 (finding CI's testimony "highly relevant" where CI was sole participant, other than defendant, in charged crime). Finally, there is little, if any, factual support for Morales's "alternate perpetrator" defense (about which he claims the CI may have relevant information). *See, e.g., DiBlasio,* 932 F.2d at 1042–43 (finding *Roviaro* violation where

defendant "did more than posit the possibility of [the defense in question]; he introduced evidence which, if believed, would have established this defense"); *Wade,* 333 F.3d at 61–62 (rejecting *Chambers* claim where there was insufficient evidence connecting the "alternative perpetrator" to the crime in question).

Therefore, the state trial court's actions did not violate Morales's right to present a meaningful defense; at the very least, the state appellate court did not "unreasonably apply" the principles of *Roviaro* and *Chambers* in dismissing his claim on direct appeal. *See* 28 U.S.C. § 2254(d)(1) (authorizing grant of habeas petition where, *inter alia,* adjudication of claim involved an "unreasonable application" of "clearly established Federal law, as determined by the Supreme Court").

■ Finally, Morales submitted an unsolicited supplemental letter brief invoking *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). This brief is construed as a motion to expand the certificate of appealability. Assuming for the purpose of analysis that *Crawford* is retroactive, no statement provided by the CI was admitted at trial; *Crawford* is therefore irrelevant to this case. *See id.* at 1364–65, 1369, 1374 (holding that a prior testimonial statement made by a declarant who does not testify at trial is inadmissible unless the declarant is unavailable and there was a prior opportunity for cross-examination). Because Morales has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), his motion is denied.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.